JAMES FAHY, an Infant, by NELLIE FAHY, His Guardian ad Litem, et al., Respondents, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, December 11, 1956.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Harry E. Kreindler* of counsel (*Samuel Beinhart,* attorney), for respondents.

*Per Curiam.* The claim of plaintiff at the first trial and on which he recovered a verdict was that he had climbed to the top of a retaining wall, slipped and fell on a spike fence below. While this court reversed the judgment (286 App. Div. 1001) upon grounds immaterial to this appeal, a new trial was directed to allow the plaintiff to show that the playground conditions were dangerous and that defendant had sufficient knowledge of the condition to be liable for an accident happening as plaintiff described the event. The factual showing on the second trial was considerably different. It now appears that plaintiff never reached the top of the retaining wall, but was on a lower ledge and that he neither slipped nor fell but that in getting down by the use of a stairway bannister he sat upon the spikes of the fence which lined the stairway.

We think that the defendant could not be expected to anticipate this conduct on plaintiff's part or the mishap which ensued. We cannot see that the evidence established any dangerous condition which was the cause of plaintiff's injury. Accordingly, the judgment should be reversed and the complaint dismissed, with costs to appellant.

Peck, P. J., Breitel, Cox, Frank and Valente, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, the complaint dismissed, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs.